**Nathan Jerome ELLIS, Plaintiff— Appellant,**

v.

**Gregory WILSON, Correctional Counselor; et al., Defendants—Appellees.**

**No. 05–15686.**

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted March 8, 2006.*

Decided March 14, 2006.

Nathan Jerome Ellis, Ione, CA, pro se.

Kelli Marie Hammond, AGCA–Office of the California Attorney General (Sac) Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

In this 42 U.S.C. § 1983 action, California state prisoner Nathan Jerome Ellis appeals pro se from the district court's order granting summary judgment in favor of defendants Gregory Wilson, Eileen Villalva, and Chris Holm on his claims of retaliation, malicious prosecution, and conspiracy, and from its order dismissing his substantive due process claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and a section 1915(e)(2) dismissal, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

The district court properly granted summary judgment on Ellis's retaliation claim because he failed to raise a genuine issue of material fact as to whether his involvement in litigation-related activities was a substantial or motivating cause behind

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Wilson's decision to move another inmate into Ellis's cell. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir.1995).

The district court also properly dismissed Ellis's malicious prosecution, conspiracy, and substantive due process claims because they were predicated on Ellis's unsupported theory that Villalva and Holm switched Ellis's jockey-type underwear for his cellmate's boxer shorts to lend support to the cellmate's accusation that Ellis had sexually assaulted him.[1] *See Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir.2003) (noting that a party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements").

Ellis's remaining contentions lack merit.

**AFFIRMED.**

1. Although charges were filed against Ellis arising from the alleged assault, they were eventually dismissed for insufficient evidence.